Richard K. Abdalah, Esq. (SBN 60380)
ABDALAH LAW OFFICES
A Professional Law Corporation
3031 Stanford Ranch Rd., Ste. 2-210
Rocklin, CA 95765
Tel: (408) 480-3239
Email: *rabdalah@abdalahlaw.com*

Attorney for Creditor Julie Cliff

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO. 22-50907 MEH |
| VINH DUC NGUYEN, aka VINCE NGUYEN, | **OPPOSITION TO MOTION FOR AUTHORITY TO ENTER INTO AGREEMENT CONCERNING INTEREST IN REAL PROPERTY SUBJECT TO OVERBID, AND FOR APPROVAL OF DEBTOR'S SETTLEMENT AND GLOBAL RELEASE WITH PAUL NGUYEN; REQUEST FOR HEARING** |
| Debtor. | |

TO THE CLERK OF THE COURT, PARTIES IN INTEREST, AND THE U.S. TRUSTEE:

PLEASE TAKE NOTICE that Creditor Julie Cliff, by and through her attorney of record, Richard K. Abdalah, Esq., Abdalah Law Offices, opposes the Motion for Authority to Enter Into Agreement Concerning Interest in Real Property Subject to Overbid, and for Approval of Debtor's Settlement and Global Release with Paul Nguyen, and requests that a hearing be set, as follows:

## I. BACKGROUND

The Settlement Agreement that is the subject of the Trustee's Motion concerns the abandonment to the Debtor of the Estate's right, title and interest in the residential real property commonly referred to as 12329 Kosich Place, Saratoga, California in exchange for a $300,000 payment to the Estate from Empire Investments, LLC; and the payment by Empire Investments, LLC, of $510,000 to Creditor Paul Nguyen. The proposed Agreement appears to be premised upon the misapprehension that Debtor Vinh Nguyen only owns a ten (10%) percent interest in the subject real property. This is incorrect.

## II. EMPIRE INVESTMENTS, LLC IS THE ALTER EGO OF VINH NGUYEN

The California alter ego doctrine applies when (1) there is such a unity of interest and ownership between the corporation and the individual or organization controlling it that their separate personalities no longer exist, and (2) failure to consider the corporate entity would sanction a fraud or promote injustice. (*Communist Party v. 522 Valencia, Inc.* (1995) 35 Cal.App.4th 90, 993.)

California courts consider many factors concerning unity of interest and ownership. (*See, e.g., Associated Vendors, Inc. v. Oakland Meat Co.* (1962) 210 Cal.App.2d 825, 838-40 (listing over 20 factors.) Those factors include inadequate capitalization; commingling of funds and other assets; use of the corporation "as a mere conduit" for the affairs of the owner; disregard of corporate formalities; sole ownership of all the stock in a corporation by one individual; lack of segregation of

corporate records; the use of the same office or business location; and the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another. (*Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.* (2002) 99 Cal.App.4th 228, 245.) No one factor is determinative. (*Id.*)

First, there is undoubtedly a unity of interest and ownership between Debtor Vinh Nguyen and Empire Investments, LLC. Empire Investments, LLC, is a limited liability company organized and existing under the laws of the State of Wyoming, and registered to do business in the State of California. Empire Investments, LLC, is a shell limited liability company under the sole control of Vinh Nguyen and his wife, Teri Nguyen, and it has no other business dealings other than the purported ownership of the subject residential real property. Justin Nguyen, the purported manager of Empire Investments, LLC, is Debtor's son. The address and telephone number provided for Justin Nguyen is actually the address and personal cellular telephone number of Debtor. (Doc. No. 29, at 53; Doc. No. 42-3, at 3.) [1]

The subject residential property was originally owned by Vinh D. Nguyen and Teri H. Nguyen, Trustees of the Nguyen-Ha Living Trust, dated December 10,

---

[1] We must add that Debtor has provided the court with an incorrect home address. Debtor does not reside at 15520 Quito Road, Saratoga, California. (Doc. No. 1.) He actually resides at 1255 Blewett Avenue, San Jose, California. (Ex. D to Decl. of R. Abdalah.)

2004. The property of the trust was under the sole control of Vinh Nguyen and Teri Nguyen.

On August 26, 2011, Vinh Nguyen and Teri Nguyen recorded a Grant Deed transferring the residential real property from the trust which he owns and controls to Empire Investments, LLC, which he also owns and controls. (Doc. No. 29, at 50; *see also* Case No. 22-50645, Doc. No. 76, at 2.) Empire Investments, LLC, uses the same office address as Debtor, 1314 Lincoln Ave., Ste. 2E, San Jose, California. (Doc. No. 1.) Debtor Vinh Nguyen is designed as the agent for service of process of Empire Investments, LLC. (Ex. A.) Debtor signs legal documents on behalf of Empire (Ex. B to Decl. of R. Abdalah.) He also brings claims pertaining to the residential real property himself, purportedly as attorney for his own business entity. (Empire Investments, LLC, v. Paul Nguyen, Santa Clara Cty. Sup. Ct. No. 21CV379828, 22CV398824, and Empire Investments, Inc. v. Art Mar, Santa Clara Cty. Sup. Ct. No. 20CV375104.)

The books, records and financial statements of Empire Investments, LLC, are held by Debtor Vinh Nguyen. (Case No. 22-50645, Doc. No. 59 at 14.) Teri Nguyen, Debtor's spouse, is represented to be the sole manager of Empire Investments, LLC. (*Id*.) There are no other investors or owners.

Debtor Vinh Nguyen also paid the attorney's fees for Empire Investment, LLC's Chapter 11 bankruptcy filing. (Case No. 22-50645, Doc. No. 59 at 11.) The attorney's fees were paid by Catina Investment, LLC, another shell company, organized in another state, under the sole ownership and control of Debtor Vinh

Nguyen. (*Id.*, and Ex. C to Decl. of R. Abdalah.) Basically, Debtor Vinh Nguyen uses Empire Investments, LLC, "as a mere conduit" for his own affairs.

Thus, there is such a unity of interest and ownership between Vinh Nguyen and Empire Investments, LLC, that they should be treated as one. Debtor's assertion that he owns only a ten (10%) percent, or $300,000 interest in the residential real property (Schedule A, Doc. No. 60) is a false statement.

As a result, the abandonment of the remainder of Vinh Nguyen's interest in the residential real property will essentially be allowing Debtor to retain approximately $2.7 million in real property equity, which could be used to satisfy Mr. Nguyen's other creditors. A failure to regard Empire Investments, LLC, as the alter ego of Debtor Nguyen would sanction a fraud and promote injustice. Mr. Nguyen likely will not have other assets sufficient to satisfy his remaining creditors.

### III. THE TRUSTEE'S MOTION TO ABANDON SHOULD BE DENIED.

On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. (11 U.S.C. § 554(b).)

The trustee's Motion to Approve Settlement includes as an essential element a motion to abandon property. (Doc. No. 151, at 3.) The real property that the trustee is proposing to abandon is far from burdensome or of inconsequential value or benefit. As indicated above, this is an asset with a value of approximately $3

million, as the trustee notes. Rather than a motion to abandon, the trustee should be filing a motion for turnover.

Debtor represents that the residential real property is owned by Empire Investments, LLC, and that Debtor Vinh Nguyen individually owns only ten (10%) percent of the property. This is incorrect, as Empire Investments, LLC, is the alter ego of Debtor Vinh Nguyen. However, based upon that representation, the Trustee is requesting leave to abandon all of Debtor's right, title and interest in the property back to Debtor.

The property has a current likely value of $3-4 million. (Doc. No. 21 at 5 and 7.) Debtor has a minimum of $2,257,602 in debts. (Doc. No. 60, at 1.) Thus, abandonment of Debtor's interest in the real property as is proposed would significantly impair the interests of the remaining creditors.

In view of the foregoing, we respectfully request that the Motion be denied, and that hearing be set.

DATED: February 3, 2023    ABDALAH LAW OFFICES
A Professional Law Corporation

By: /s/Richard K. Abdalah
Richard K. Abdalah, Esq.
Attorney for Creditor
Julie Cliff