Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

VINH NGUYEN
    *aka* VINCE NGUYEN,

    Debtor.

Case No. 22-50907 MEH
Chapter 7
Hon. M. Elaine Hammond

**NOTICE OF HEARING ON
AND TRUSTEE'S RESPONSE
IN SUPPORT OF
MOTION FOR AUTHORITY TO ENTER
INTO AGREEMENT CONCERNING
INTEREST IN REAL PROPERTY
SUBJECT TO OVERBID,
AND FOR APPROVAL OF DEBTOR'S
SETTLEMENT AND GLOBAL RELEASE
WITH PAUL NGUYEN**

Date:   February 16, 2023
Time:   10:00 a.m.
Place:   280 South First Street,
          San Jose, CA 95113
          Hon. M. Elaine Hammond,
          Courtroom 11
          Or Via Zoom Videoconference

**TO JULIE CLIFF THROUGH HER ATTORNEY OF RECORD, RICHARD K. ABDALAH:**

**PLEASE TAKE NOTICE** that on **February 16, 2023 at 10:00 a.m.**, a hearing will be conducted before the Honorable M. Elaine Hammond, on the Trustee's Motion for Authority to

Enter Into Agreement Concerning Interest in Real Property Subject to Overbid, and for Approval of Debtor's Settlement and Global Release With Paul Nguyen filed on January 13, 2023 [Docket 151] ("**Motion**") and the opposition to the Motion filed by Julie Cliff on February 3, 2023 [Docket 160] ("**Opposition**").

**PLEASE TAKE FURTHER NOTICE THAT** beginning March 1, 2022, all matters before Judge Hammond will be conducted in person, in the courtroom, unless otherwise ordered by the court. Counsel and interested parties may appear at the hearing either in person or by Zoom. Prior court approval is not required for in person or Zoom appearances. Counsel appearing at the hearing in person or by Zoom will be able to see counsel appearing in the alternate manner. Any person who is not fully vaccinated and intends to appear in person is required to notify Judge Hammond's courtroom deputy no later than three (3) days prior to the hearing in order to allow the court to determine if additional precautions are required. Any individual exhibiting Covid symptoms is required to attend the hearing by Zoom. Individuals appearing in person my comply with any mask mandate in effect at the time of the hearing in Santa Clara County. Specific procedures for any evidentiary hearings shall be determined by Judge Hammond in consultation with counsel.

Counsel, parties and other interested parties may attend hearings in person or by Zoom. Additional information is available on Judge Hammond's procedures page on the court website: https://www.canb.uscourts.gov/judge/hammond/procedures.

Information on attending hearings by Zoom will be provided on Judge Hammond's calendar posted no later than seven days prior to the hearing date at:

https://www.canb.uscourts.gov/judge/hammond/calendar.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TRUSTEE'S RESPONSE TO OPPOSITION

## I. BACKGROUND

The Motion seeks authorization to abandon the estate's right, title and interest in residential real property commonly referred to as 12329 Kosich Place, Saratoga, California, 95020 ("**Residence**"), in exchange for payment by Empire Investments, LLC ("**Empire**"): (i) of $300,000 to the Debtor's estate; and (ii) of $510,000 to creditor Paul Nguyen ("**Creditor**"), in satisfaction of a note and deed of trust he has recorded against the Residence, and also the resolution of multiple claims Creditor has asserted against the Debtor's estate, the Debtor and the Debtor's spouse.

The estate has a 10% co-ownership interest in the Residence. Empire owns the other 90% of the interest in the Residence. Empire's sole member is Justin Nguyen. The estate's 10% interest in the Residence was transferred by Empire to the Debtor on the eve of his bankruptcy case, likely for the purpose of protecting the Residence from foreclosure by the Creditor.

To understand why the Opposition legal position is not viable, background information related to Empire's acquisition of the property is necessary.

### A. Debtor's 2011 Fraudulent Transfer of the Residence to Empire Can't Be Avoided

The Trustee is informed that the Debtor and his spouse acquired the Residence in 2003. On or about September 1, 2011, an entity called First Century Plaza LLC ("**FCP**") obtained a judgment in the principal amount of $880,634.77 against the Debtor, and his spouse. Almost immediately after the FCP judgment was entered, the Debtor and his spouse took affirmative steps to try to conceal assets.

Empire became the 100% fee owner of the Residence on September 15, 2011, when the Debtor and his spouse transferred their interest in the Residence by way of a grant deed recorded in the Santa Clara County Recorder's office as Document No. 21313415 ("**Empire Grant Deed**"). The transfer of the Residence to Empire was, in the Trustee's opinion, an avoidable transfer when it occurred upon the recordation of the Empire Grant Deed.

Unfortunately, FCP (and likely other creditors of the Debtor), appear to have taken no action to seek to avoid the transfer of the Residence to Empire. This transfer of the Residence, just days after entry of an $880,000 plus judgment, has all of the hallmarks of an avoidable fraudulent transfer, as the Debtor and his spouse likely had actual intent to hinder, delay and defraud FCP from enforcing its judgment and, alternatively, because Empire did not pay a reasonably equivalent value in exchange for the Residence.

At the time the Debtor filed his Voluntary Petition under Chapter 13 commencing the instant bankruptcy case in October 2022, **more than 11 years had passed** since the Empire Grant Deed was recorded. Because so much time had passed, it is not possible for the Trustee or any of the Debtor's creditors (including FCP) to avoid the transfer of the Residence to Empire because all applicable statutes of limitations have long ago passed. *See*, C.C.P. § 3439.09(a) through (c) (providing a statute of limitations of as long as seven years) and 11 U.S.C. §544.

## II. ARGUMENT

### A. There is No Such Thing As an Alter Ego Cause of Action

The Opposition asserts that the Trustee cut a bad deal for the estate and for its creditors. Ms. Cliff asserts that the Trustee should be able to undo the transfer of the Residence from the Debtor to Empire under an "alter ego doctrine."

Unfortunately, for the Trustee and creditors of the Debtor's estate, there is no such thing under California law as a freestanding alter ego claim for relief. Alter ego claims must be coupled with claims for relief, such as fraudulent transfer, conversion, preference, etc. *Ahcom, Ltd. v. Smeding*, 623 F 3d. 1248, 1252 (9th Cir. 2010).[1]

/ / /

/ / /

/ / /

---

[1] One of the cases relied upon in the Opposition provides that it is not possible to use the alter ego doctrine, alone, as the mechanism to pierce a corporation's relationship with an individual. *Communist Party of U.S. v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 41 Cal.Rptr.2d 618, 627 (1995).

In reaching its decision in *Ahcom*, the Ninth Circuit looked to the applicable state law – California - which expressly does not recognize an alter ego cause:

> Thus, we conclude that California law does not recognize an alter ego claim or cause of action that will allow a corporation and its shareholders to be treated as alter egos for purposes of all the corporation's debts.

*Ahcom*, 623 F.3d at 1252.

\*\*\*

> .... see also *Communist Party of U.S. v. 522 Valencia, Inc.*, 35 Cal.App.4th 980, 41 Cal.Rptr.2d 618, 627 (1995) (no California case found in which "the alter ego doctrine has been employed to establish a relationship of identity between the defendant corporation and the plaintiff"). In fact, there is no such thing as a substantive alter ego claim at all: "A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural...." *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 204 Cal.App.3d 1351, 251 Cal.Rptr. 859, 863 (1988)

*Ahcom*, 623 F.3d at 1251.

Because the Trustee's inchoate fraudulent transfer claims were time-barred many years before the Debtor filed his petition, it is not possible to undue Empire's 11-year-old plus ownership interest in the Residence.[2] The agreement that the Trustee reached with the Debtor, which has resulted in payment to the Trustee of $300,000, is, by far, the best that the estate can hope for under the circumstances. The Court should overrule the Opposition and grant the Trustee's Motion.

---

[2] Assuming, *arguendo*, that the Trustee could avoid the 2011 transfer of the Residence to Empire, he could not assert that Empire is the Debtor's alter ego, because neither the Debtor, nor his wife, have an ownership interest in Empire. *S.E.C v. Hickey*, 322 F.3d 1123, 1128 and 1230 (9th Cir. 2003), ("Ownership is a prerequisite to alter ego liability, and not a mere "factor" or "guideline."… "[A]n individual must own at least a portion of a corporation before an alter ego relationship is deemed to exist under California law.")

### B. The Objecting Creditor Did Not Make an Overbid

The Motion provided a mechanism for creditors and parties in interest to make an overbid and purchase the estate's interest in the Residence. If the objecting creditor believes she can free up the "$2.7 million in real property equity…", she should have made an overbid. Opposition, page 5, line 10. No overbid was received. Instead, the objecting creditor seeks to compel the Trustee to walk away from $300,000, and "in exchange," realize no value from the Residence by pursuing claims for which statutes of limitation long ago passed.

## III. CONCLUSION

Through the Motion, the Trustee has realized material value, $300,000, for a 10% co-owned interest in real property. While the Trustee understand and shares the objecting creditor's frustration with the fact that Empire received a fraudulent transfer over a decade ago, he can't undo the 2011 transfer.

WHEREFORE the Trustee prays for an order overruling the Opposition and granting the relief requested in the Motion.

DATED: February 7, 2023      RINCON LAW LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for FRED HJELMESET,
Trustee in Bankruptcy