Arasto Farsad, Esq. (SBN 273118)
Nancy Weng, Esq. (SBN 251215)
FARSAD LAW OFFICE, P.C.
1625 The Alameda, Suite 525
San Jose, CA 95126
Telephone Number: (408) 641–9966
Facsimile Number: (408) 866–7334
Email Address: FarsadLaw1@gmail.com

Attorney for Debtor
 VINH NGUYEN

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>VINH NGUYEN,<br><br>             Debtor. | Case No. 22-50907 MEH<br>Chapter 7<br><br>**OBJECTION TO EX PARTE APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH 11 U.S.C. SECTION 521 (a)**<br><br>**Judge: Hon. M. Elaine Hammond** |

**TO THE HONORABLE M. ELAINE HAMMOND, THE CHAPTER 7 TRUSTEE, THE PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:**

Vinh Nguyen ("Debtor"), Debtor in the instant case, by and through his counsel of record, Farsad Law Office, P.C., hereby files this Objection to Ex Parte Application for Order Compelling Compliance with 11 U.S.C. Section 521(a) ("Ex Parte Application"). Debtor states as follows:

1. On February 16, 2023, the Chapter 7 Trustee conducted a continued Section 341 Meeting.
2. During the Meeting, the Debtor was asked questions regarding a $19,000 check that was paid out of the IOLTA Account.
3. It must be noted the Debtor is a 76-year old senior that is not well. He has diabetes type II, loss of memory, and heart issues (he underwent artery replacement 2 years ago). Based on the latter, he takes roughly 10 prescription pills a day that affects his mood and makes him lethargic. He

- 1 -

can still work, but he's very slow and needs time to think. He cannot work on the 'fly' at all. Within the past 2 weeks, he has been sick and has not been able to attend three scheduled appointments with his counsel to go over a declaration clarifying his testimony as provided at the 341 Meeting.

4. As to the background of the monies in question, the $19,000.00 was from a client involving a real estate matter. The Debtor was paid in October of 2022 from the client that met with the Debtor in July and August. The Debtor has done approximately 10 hours of work on behalf of the client at his hourly billing rate of $300.00 per hour. He's been a licensed attorney since 1993.

5. Accordingly, from the "$19,000.00" obtained, $3,000.00 is in fact earned money that is "unexempt" for purposes of the current case. The remaining $16,000.00, however, has not been earned and still belongs to the client-not the Debtor.

6. The Debtor's testimony provided at the 341 Meeting was not clear. The Ex Parte Application demonstrates this in the portions included in the Ex Parte Application.

7. Trustee Hjelmeset speaks very fast and the Debtor did not catch his pertinent points. In particular, as noted in the Ex Parte Application, there is a discussion about the accounts receivable and whether or not said the money was in fact earned as a whole. In the transcript portion provided, it's definitely not clear as the Debtor stated 'um' as to whether the money was an "account receivable". Debtor's counsel attempted to assist-with the result that the Debtor believed he would be able to go back to his records to calculate his hours and see what was earned / unexempt income.

8. The Meeting was continued and the Debtor thought that he would be able to return with the results of his research to provide his hours at that time.

9. Therefore, the Debtor and Debtor's counsel respectfully ask the Trustee to withdraw the Ex Parte Application to allow the Debtor to present his findings at the continued 341 Meeting free from any compulsory motions (as the Debtor was led to believe) or, in the alternative, respectfully ask the Court to deny the Ex Parte Application.

- 2 -

OBJECTION TO EX PARTE APPLICATION FOR
ORDER COMPELLING COMPLIANCE WITH 11 U.S.C. SECTION 521 (a)    Case No. 22-50907 MEH

RESPECTFULLY SUBMITTED,

FARSAD LAW OFFICE, P.C.


Dated: February 28, 2023


By: /s/ *Nancy Weng*
*Nancy Weng*
Attorneys for Debtor
Vinh Nguyen