Arasto Farsad, Esq. (SBN # 273118)
Nancy Weng, Esq. (SBN # 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda Suite 525
San Jose CA 95126
Tel: (408) 641-9966
Fax: (408) 866-7334
Email addresses: farsadlaw1@gmail.com;
nancy@farsadlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>VINH NGUYEN,<br><br><br>Debtor. | Case No. 22-50907 MEH<br>Chapter 7<br><br>**APPLICATION FOR COMPENSATION**<br><br>Date: April 20, 2023<br>Time: 10:00 a.m.<br>Place: U.S. Courthouse, 280 South 1st Street, Courtroom 11, San Jose CA 95113\*\*<br><br>\*\*Hearing to be conducted in person in the courtroom but Counsel / interested parties may appear by Zoom and instructions on doing so are provided below<br><br>**Before: Hon. M. Elaine Hammond** |

  **TO THE HONORABLE JUDGE M. ELAINE HAMMOND, THE UNITED STATES TRUSTEE'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE CHAPTER 7 TRUSTEE, ALL PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:** Now Comes the Farsad Law Office, P.C., hereinafter, the "Firm" or "Applicant", and hereby submits its Application for compensation

1 – Application for Compensation

("Application") in connection with its representation of the Debtor, Vinh Nguyen, (the "Debtor"), in the above captioned Chapter 7 case. The Firm seeks approval of final compensation totaling $24,570.00 plus costs of $450.00 for pre-conversion to Chapter 7 services to the Debtor for the period covering October 29, 2022 to December 9, 2022 (the "Billing Period") for a total award of $25,020.00.

This Application is being submitted pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Northern District Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Files Under 11 U.S.C. §330 (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

This Application is based upon the instant Application and its Exhibits, the Declaration of Nancy Weng filed concurrently herewith, the pleadings, papers, and records on file in the case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

## **Background**

The Debtor filed the instant case as a Chapter 13 case in Pro Per on October 4, 2022. The Farsad Law Office, P.C. substituted into the case on October 29, 2022. On December 8, 2022, a hearing was held on creditor Paul Nguyen's Motion to Dismiss (Dkt No. 72) whereby the Court converted the case to one under Chapter 7. An Order Converting Case to Chapter 7 was entered on December 9, 2022 (Dkt. No. 123). Counsel worked hard on the case both before and after conversion. However, our office is not seeking fees for any work performed post conversion.

Arasto Farsad and Nancy Weng were the primary attorneys throughout the pendency of Debtor's case. Farsad Law Office, P.C. did not take a retainer and was anticipating being paid through the Debtor's Chapter 13 plan. Although the case was converted, Farsad Law Office, P.C. remained on the case as counsel (and still is) for the Debtor and understands it will never be compensated for its representation for any work done post- conversion.

2 – Application for Compensation

# I. INTRODUCTION

## A. **Statement of Compliance with Rule 2016**

No agreement or understanding exists between the Firm (or its members) and any other persons or entities for the sharing of compensation received or to be received for services rendered in connection with this case.

## B. **Retainer**

The Debtor did not pay the Firm a retainer and understood all fees were to be paid through the Chapter 13 plan when confirmed.

# II. **Narrative**

## A. **Pre-Bankruptcy Events**

The Debtor and primary former creditor, Paul Nguyen, had a huge dispute related to a $215,000.00 deed of trust ("DOT") recorded in 2011. As the claims against each other have been settled, the Debtor will not disclose much in this narrative other than it was a messy litigation in state court as well as bankruptcy Court. The Debtor also needed to deal with a huge judgment (well over a million dollars) as well as other debts in this case. It was primarily filed however, to deal with Mr. Nguyen's DOT.

## B. Significant Events In The Bankruptcy

After the Firm substituted into the case, it immediately filed schedules and moved to propose a 100% payment plan to pay Mr. Nguyen's secured claim through a Chapter 13 plan of reorganization.  The Firm intended initially to opt into the local Chapter 13 "no-look" fees for compensation. In that regard, an application for "no look fees" was filed on October 31, 2022 (Dkt No. 66) requesting $8,500 in fees.  Unfortunately, the Firm did not anticipate it would have to respond to and defend against a plethora of motions.

3 – Application for Compensation

### III. **PROJECT BILLING AND NARRATIVE OF SERVICES RENDERE**

In accordance with the Northern District Guidelines and the Local Rules, the Firm has classified all services performed for which compensation is sought into categories. The Firm has established the following billing categories:

1. The Section 341 Meeting(s) -- Preparation and Attendance;
2. Case Administration;
3. Claims and Asset Analysis;
4. Client Communications / Correspondence;
5. Costs.

**Exhibit A** to the Declaration of Nancy Weng provides a detailed breakdown of the time entries incurred during the Billing Period. The Firm employs a paralegal for document collection and filing, and did not charge for any paralegal or attorney time for administrative services such as copying or filing documents.

### A. **Case Administration**

Time billed to this category primarily relates to the legal work necessary to keep the case running in Chapter 13, including drafting and filing necessary schedules and amendments to the schedules as needed, preparing for hearings and 341, assessing the work up for a Chapter 13 plan and opposing a Motion(s) for Relief from Stay (as to the Property and Rents), Motion to Dismiss and a Motion for Sanctions.

Total Hours: 24.1                           Total Fees: $8,435.00

### B. **Claims and Asset Analysis**

Time billed to this category related to the review and analysis of Proofs of Claim. Time billed to this category also relates to the legal work necessary to effect a financial work up of the Debtor's assets and properties, including review, analysis, and negotiation of Mr. Nguyen's claim, review of state court pleadings in order to draft appropriate oppositions, and research into

4 – Application for Compensation

issues of assignment of rents and review of all documents and pleadings. The Firm also had to initiate negotiations with counsel for the large judgment.

Total Hours: 30.6                                    Total Fees: $10,710.00

**C. Client Communications / Correspondence**

Time billed to this category primarily relates to meetings with the Debtor concerning the Debtor's finances, debts, prior litigation and how it involved this case. Counsels further had many long meetings the Debtor about strategy and how to proceed under the circumstances-in particular, how the state court case had gone.

Total Hours: 15.5                                    Total Fees: $5,425.00

**D. Costs**

In addition to the fees incurred, the Firm advanced the sum of $450.00 for payment of postage / copying / operating costs for which it requests reimbursement.

Total Costs: $450.00

**IV. Client Review of Billing Statements**

Pursuant to the Northern District Guidelines, a cover letter for this the Application was sent to the Debtor concurrently with the filing of this Application. This letter invites the Debtor to discuss with the Firm or with the U.S. Trustee's Office any objections, concerns, or questions the Debtor may have with regard to the requested compensation and reimbursement in the instant Application. A copy of this letter is attached to the Declaration of Nancy Weng as **Exhibit B**.

**Notice of this Application and Hearing**

A Notice of Hearing on this Application will be served upon the Debtor, the U.S. Trustee's Office for the Northern District of California, and all other parties requesting special notice in this case.

5 – Application for Compensation

## Evaluation of Requests for Compensation

Pursuant to Bankruptcy Code Section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual necessary expenses incurred. As set forth above, the fees for which the Firm requests compensation are for actual and necessary services rendered. In determining the amount of allowable fees under Bankruptcy Code Section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." Burgess v. Klenske (In re Manoa Finance Co., Inc.), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976):

      (1) the time and labor required,

      (2) the novelty and difficulty of the questions,

      (3) the skill requisite to perform the service properly,

      (4) the preclusion of other employment by the professional due to acceptance of the case,

      (5) the customary fee,

      (6) whether fee is fixed or contingent,

      (7) time limitations imposed by the client or the circumstances,

      (8) the amount involved and the results obtained,

      (9) the experience, reputation, and ability of the professionals,

      (10) the undesirability of the case,

      (11) the nature and length of the professional relationship with the client, and

      (12)  awards in similar cases. See American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America), 544 F.2d 1291 (5th Cir. 1977) (Johnson criteria applicable in bankruptcy cases.)

6 – Application for Compensation

The time for which compensation is sought is detailed in **Exhibit A** attached to the Declaration of Nancy Weng. The services and time expenditures are reasonable in light of the labor required in this case. The Firm charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the area for professionals of like skill and experience. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm under similar circumstances.

**Section 330(a)(3) Factors**

Bankruptcy Code Section 330(a)(3) sets forth five (5) factors to be considered by the Court. (11 U.S.C. § 330(a)(3).) Although several of these factors (such as the time involved, the timeliness of the firm's performance, and the complexity of the case) were addressed above, the Firm believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code Section 330(a)(3)(C) requires that the professional services be necessary to the administration of and/or beneficial at the time at which the service was rendered toward completion of the case.

The Firm believes the facts of this case make it evident that the Firm's services were both necessary and beneficial even if the case was converted.

The Firm provided advice, counsel and direction to the Debtor to assist him through the case.

Second, Bankruptcy Code Section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

**RESPONSIBLE PERSONNEL (Nancy Weng and Arasto Farsad)**

Nancy Weng, the primary attorney working on this case, is a California lawyer licensed for approximately fourteen years. Nancy Weng's $350.00 per hour rate is reasonable in the area for services of attorneys of like skill and experience, and is commensurate with counterparts engaged in non-bankruptcy specialties of the law.

Arasto Farsad, the lead member of the Firm, has been a practicing bankruptcy attorney in the Northern, Eastern, Central and Southern Districts of California since 2010, and has

7 – Application for Compensation

successfully overseen hundreds of Chapter 7 and Chapter 13 cases to discharge / completion. Mr. Farsad has also confirmed roughly 60 individual Chapter 11 cases. Mr. Farsad's $350.00 per hour rate should also be deemed reasonable in the area for services for attorneys of like skill and experience and is also commensurate with other reasonably experienced local counsel(s).

Taking into consideration the time and labor required, the novelty and difficulty of the issues, the skills required to perform the legal services properly, the preclusion of other employment by the Firm due to the acceptance of the case, and the customary fee(s) for similarly experienced counsel, as well as the time limitations imposed by the client, the fees (and costs) requested should be deemed reasonable and awarded.

This was not a typical case for the Firm. It definitely prefers non-adversarial matters like standard mortgage "reorganization" cases but the Firm took on this matter hoping to resolve the issues between the parties which it subsequently did.

## CONCLUSION

Wherefore, the Firm prays that the Court, after the noticed hearing on this Application, awards the Firm with its requested sole compensation in this case of: $25,020.00 (of this amount, $450.00 are costs.) The Firm requests that the fees be paid as an administrative expense from the Debtor's Chapter 7 estate.

Respectfully submitted,

Executed on **March 28, 2023** at **San Jose**, California

FARSAD LAW OFFICE, P.C.
*/s/ Nancy Weng, Esq.*
Nancy Weng
Attorneys for Debtor

8 – Application for Compensation