| | |
|---|---|
| 1 | Gregg S. Kleiner, State Bar No. 141311 |
| 2 | RINCON LAW LLP |
| | 268 Bush Street, Suite 3335 |
| 3 | San Francisco, CA 94104 |
| | Telephone No.: 415-672-5991 |
| 4 | Facsimile No.: 415-680-1712 |
| | Email: gkleiner@rinconlawllp.com |
| 5 | |
| | Counsel for FRED HJELMESET, |
| 6 | Trustee in Bankruptcy |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 22-50907 MEH |
| | Chapter 7 |
| VINH NGUYEN *aka* VINCE NGUYEN, | **FIRST INTERIM APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT** |
| Debtor. | **BY COUNSEL FOR TRUSTEE** |
| | **(Rincon Law LLP)** |
| | |
| | Date: July 27, 2023 |
| | Time: 10:00 a.m. |
| | Place: 280 South First Street, |
| | San Jose, CA 95113 |
| | Hon. M. Elaine Hammond, |
| | Courtroom 11 |
| | Or Via Zoom Videoconference |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

III. DESCRIPTION OF SERVICES ........................................................................................ 3

    A. Administration ........................................................................................................ 3

    B. Section 521 Application ......................................................................................... 3

    C. Kosich Place ........................................................................................................... 4

    D. Peter Pau Litigation ................................................................................................ 6

    E. Fee Application ....................................................................................................... 6

    F. Other Professionals ................................................................................................. 6

IV. FUTURE SERVICES ......................................................................................................... 7

V. ESTABLISHMENT OF FEES ............................................................................................. 7

VI. CONCLUSION & PRAYER .............................................................................................. 8

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE:**

Rincon Law LLP ("**Applicant**"), counsel to Fred Hjelmeset, Trustee in Bankruptcy ("**Trustee**"), respectfully represents:

## I.     INTRODUCTION

1. **Debtor:** On October 4, 2022, Vinh Nguyen *aka* Vince Nguyen ("**Debtor**") filed a petition for relief under Chapter 13 of the Bankruptcy Code. The case was converted to a case under Chapter 7 of the Bankruptcy Code on December 9, 2022.

2. **Trustee:** Fred Hjelmeset is the duly appointed, qualified and acting Chapter 7 Trustee in Bankruptcy of the Debtor's estate.

3. **Employment:** On December 13, 2022, the Court authorized the Trustee to employ the law firm of Rincon Law LLP, effective December 12, 2022.

4. **Current Compensation:** During the course of representing the Trustee from December 12, 2022 through June 5, 2023, Applicant performed the services described in this Application and the invoice attached to the Declaration of Gregg S. Kleiner filed in support hereof ("**Declaration**"), as summarized on Exhibit A attached hereto. Applicant also incurred the actual and necessary expenses itemized in the invoice attached to the Declaration and summarized on Exhibit A.

5. **Compliance with Guidelines:** Applicant is in compliance with the Guidelines by the U.S. Bankruptcy Court. Applicant has not charged for word processing costs. In certain non-bankruptcy matters, if charged, other online research services (including PACER) are charged at cost. The hourly rates charged by Applicant's bankruptcy attorneys are no less favorable than those rates charged for non-court appointed services.

6. **2016 Compensation Statement:** This is Applicant's First Interim Application for Compensation and Expense Reimbursement. Applicant has not entered into any agreement to share any compensation awarded with any other person; the source of any award authorized will be estate

funds. Except for payments from the estate authorized by the Court, no payments have been made or promised to Applicant for services in connection with this case. No compensation received by Applicant has been or will be shared and no agreement or understanding exists between Applicant and any other entity for the sharing of compensation received or to be received for services rendered in connection with this case.

7. **Project Billing:** Applicant has created categories for project billing purposes. These are identified on Applicant's invoice attached to the Declaration and listed on Exhibit A.

8. **Cash on Hand:** As of June 5, 2023, the Trustee has on hand approximately $329,500.

## II. BACKGROUND

The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on October 4, 2022 ("**Petition Date**"). On December 9, 2022, the Bankruptcy Court converted the case to Chapter 7, and the Trustee was appointed to administer the assets of the Estate.

The primary impetus for the filing of the Debtor's bankruptcy case concerns a decade-plus-long dispute that the Debtor, his non-debtor spouse, and Empire Investments, LLC, a Wyoming limited liability company ("**Empire**") (an entity controlled by the Debtor's son) had with an individual named Paul Nguyen ("**Creditor**").

The dispute with the Creditor related to a note secured by a deed of trust against real property located at 12329 Kosich Place, Saratoga, California, 95020 ("**Residence**"). As of the Petition Date, Empire owned 90% of the Residence and the Debtor owned 10%. The dispute with the Creditor spawned multiple state court actions and at least three bankruptcy cases. Applicant assisted the Trustee in resolving the dispute with the Creditor, which resulted in a payment to the Creditor of $510,000 and a payment to the estate of $300,000 from Empire for its interest in the Residence, and the withdrawal by the Creditor of his claims against the bankruptcy estate. In addition, during the time period covered by this Application, Applicant assisted the Trustee in (i) uncovering an undisclosed asset, a $19,000 account receivable, and, through a Section 521 application, ultimately

reaching an agreement with the Debtor for the return of these funds (less an unused grubstake exemption) to the estate, and (ii) selling the estate's interest in a pending state court action for $25,000.

### III.  DESCRIPTION OF SERVICES

**A.  Administration**

Following the conversion of the Debtor's case, Applicant assisted the Trustee in reviewing the many versions of the Debtor's bankruptcy schedules and statement of financial affairs. Applicant also reviewed the schedules and statement of financial affairs of the recently-filed and dismissed bankruptcy cases of Empire, the Debtor's spouse, and Rose Court LLC. These cases directly concerned the estate's interest in the Residence and other assets.

Applicant reviewed multiple pleadings filed by Creditor, including a post-conversion motion for relief from the automatic stay filed by Creditor seeking to continue his foreclosure of the Residence, and also to require delivery of rents and profits from the Residence to him under a rents and profits clause in his deed of trust.

Applicant worked with the Trustee and Debtor's counsel with regard to possible opposition to the Creditor's motion for relief from the automatic stay. Applicant also reviewed multiple documents and information from Creditor concerning other assets of the estate.

For the above services, Applicant spent 18.6 hours, incurring $10,770 in fees.

**B.  Section 521 Application**

Applicant and the Trustee reviewed multiple documents received from Debtor's counsel. Included in those documents was a bank statement indicating that the Debtor received, post-petition, $19,000, which sum appeared to be a pre-petition account receivable collected by the Debtor post-petition. Applicant had multiple communications with Debtor's counsel with regard to this payment.

Applicant requested that the Debtor provide details with regard to the payment of these funds and include a declaration under penalty of perjury explaining the transaction(s). The Debtor declined. At one of the Debtor's continued Section 341 Meetings, the Debtor acknowledge that the

funds were pre-petition proceeds received post-petition. Following the Section 341 Meeting, Applicant followed up, again, with Debtor's counsel for a further explanation. No explanation was forthcoming.

At the Trustee's request, Applicant drafted a detailed Section 521 turnover application and declarations in support of the application. The Debtor opposed the application. The Court entered an order setting the matter for hearing and requiring the parties to exchange documents and meet and confer prior to the hearing date. Applicant reviewed documents from Debtor's counsel and, just prior to the hearing, an agreement was reached by which the Debtor agreed to deliver to the Trustee the $19,000 account receivable, less a "credit" of $2,513 reflecting his unused grubstake exemption.

Applicant appeared at the hearing on the Section 521 application and put the settlement on the record. Applicant drafted an order memorializing the settlement, which order was entered by the Bankruptcy Court. After the order was entered, Applicant had follow-up communications with Debtor's counsel with regard to the Debtor's failure to promptly amend his Schedules B and C, as required by the order. Under the provisions of the order, the Debtor is required to deliver to the Trustee four installments of $4,121.75 each through June 26, 2023 to reimburse the estate for the sums he received on account of the pre-petition account receivable received by him post-petition.

For the above services, Applicant spent 7.2 hours, incurring $4,284 in fees.

**C.  Kosich Place**

As previously noted, the primary driver of the Debtor's filing of his bankruptcy petition was the dispute with the Creditor concerning the note and deed of trust in favor of the Creditor, which deed encumbered the Residence.

Applicant assisted the Trustee by reviewing dozens of documents and court pleadings filed both in the Bankruptcy Court and the Superior Court concerning the dispute between the Debtor and the Creditor. Soon after the case was converted, Debtor's counsel indicated that his client was interested in reaching a settlement with regard to the Residence. The settlement process, however, proved to be rather slow and rocky. Over the course of a little over a month, Applicant assisted the Trustee in trying to draft a settlement that would result in the estate receiving material funds for its 10% interest in the Residence, while also satisfying the obligations owed to the Creditor. Reaching

these two goals was the only feasible mechanism to protect the estate's interest in the Residence and satisfy the majority owner of the Residence, Empire, that it would be done, once and for all, with litigation with the Creditor.

Applicant assisted the Trustee over the course of many weeks putting together a draft settlement and sale agreement and working with the Creditor to provide him with assurance that the agreement, if approved by the Court and funded by Empire, would result in the resolution of this decade-long dispute.

At the Trustee's request, Applicant drafted a detailed settlement and sale agreement. After the form was approved by the Trustee, Applicant circulated it to Debtor's counsel. Debtor's counsel made multiple changes to the agreement and worked directly with the Creditor to liquidate the sum the Creditor would accept in settlement of the sums owed under the promissory note secured by the Residence.

Applicant was also in frequent contact with the Creditor working out details related to the agreement and responding to his questions regarding the bankruptcy process. Ultimately, a final form of the agreement was reached and circulated for signatures. After the agreement was signed, Applicant drafted a detailed notice, motion and declaration in support of the settlement and sale. After the noticed and motion were served, Applicant responded to additional questions from the Creditor and Debtor's counsel. On the last day to object to the proposed sale, an objection was filed by creditor Julie Cliff. Applicant reviewed the opposition and consulted with the Trustee. Applicant also reached out to Ms. Cliff's counsel but did not receive a response.

Applicant drafted a detailed reply to Ms. Cliff's objection and set the matter for hearing. After the reply was filed, Ms. Cliff's counsel contacted Applicant and informed him that Ms. Cliff would withdraw her opposition. After Ms. Cliff's opposition was withdrawn, Applicant drafted a detailed confirmation of no opposition and lodged an order with the Bankruptcy Court, seeking approval of the sale and settlement. The Court signed the order.

Applicant assisted the Trustee in implementing the sale and settlement. Pursuant to the terms of the agreement, the Trustee received $810,000 from Empire and paid $510,000 to the Creditor, in satisfaction of all of his claims. The estate retained $300,000 from the sale and settlement.

5

For the above services, Applicant spent 23.4 hours, incurring $13,653 in fees.

D. **Peter Pau Litigation**

Among the assets of the Debtor's estate is an appeal filed by the Debtor, post-petition, pre-conversion, concerning state court litigation he had commenced years ago against an individual named Peter Pau. Applicant has assisted the Trustee in investigating the litigation and appeal and trying to monetize the litigation for the benefit of the estate. Applicant assisted the Trustee in negotiating a sale of the litigation claims and working with Debtor's pre-petition counsel to review his alleged lien in the litigation and the appeal.

Applicant drafted a detailed sale agreement and circulated it for review and comment. After the agreement was fully executed, Applicant drafted a detailed notice, motion and declaration in support of the sale. After the notice was served, Applicant was frequently contacted by counsel for Mr. Pau about the agreement. After the passage of the notice period, Applicant drafted a Certification of No Opposition and lodged a form of order. After the Court entered the order, Applicant worked with counsel for Mr. Pau on the stipulation to dismiss the appeal.

For the above services, Applicant spent 12.2 hours, incurring $7,259 in fees.

E. **Fee Application**

Applicant drafted documents for the Trustee's use in employing Applicant.

Applicant drafted the instant fee application.

For the above services, Applicant spent 2.8 hours, incurring $1,657 in fees.

F. **Other Professionals**

At the Trustee's request, Applicant reviewed a fee application filed by Debtor's Chapter 13 counsel and discussed the application with Debtor's counsel and the Trustee. Applicant drafted and filed a pleading setting forth the Trustee's comments to the application.

For the above services, Applicant spent 1.0 hours, incurring $595 in fees.

/ / /

/ / /

/ / /

/ / /

## IV. FUTURE SERVICES

Applicant anticipates that it will continue assisting the Trustee with regard to the Debtor's obligations under the Section 521 order, assisting the Trustee, if requested with any questions he has related to claims filed against the estate, and liquidating possible other assets of the Debtor's estate.

## V. ESTABLISHMENT OF FEES

A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee. *In Re Manoa Finance Company*, 853 F.2d 687, 689 (9th Cir. 1988). Establishing a reasonable hourly rate requires consideration of market rates in the relevant community which are, in turn, at least partly a function of the type of services rendered and the lawyer's experience, skill and reputation. Applicant's services in this matter were performed by Gregg S. Kleiner.

Gregg S. Kleiner earned his law degree from the University of California, Hastings College of the Law. After a two-year clerkship with Bankruptcy Judge James R. Grube, Mr. Kleiner embarked upon a practice which has been limited to bankruptcy and insolvency law. Mr. Kleiner has extensive experience counseling public and private companies, investor funds, crisis managers, bankruptcy trustees and individuals in myriad legal and business issues related to distressed businesses. He regularly represents multiple panel trustees in the Northern District of California. During the period covered by this Application, Mr. Kleiner billed at the rate of $550 and $595 per hour.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VI. CONCLUSION & PRAYER

In performing its services during the time period December 12, 2022 through June 5, 2023, Applicant spent 65.2 hours. Applicant believes that the sum of $38,218 is reasonable compensation for those services, calculated on the basis of the hours and hourly rates summarized on Exhibit A and the invoice attached to the Declaration.

In addition, Applicant incurred the actual and necessary expenses of $88.15, as summarized on the attached Exhibit A and itemized in the invoice attached to the Declaration.

WHEREFORE, Rincon Law LLP, prays for interim compensation in the sum of $38,218 and expense reimbursement in the sum of $88.15, for total compensation of $38,306.15 for the time period December 12, 2022 through June 5, 2023.

DATED: June 6, 2023    RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET, Chapter 7 Trustee

# RINCON LAW LLP
# VINH NGUYEN aka VINCE NGUYEN
# SUMMARY

| PROFESSIONALS, HOURS AND FEES | | | |
|---|---|---|---|
| **Professional** | **Rate** | **Hours** | **Fees** |
| Gregg S. Kleiner | $550 | 12.8 | $7,040.00 |
| Gregg S. Kleiner | $595 | 52.4 | $31,178.00 |
| **TOTAL** | | **65.2** | **$38,218.00** |

| PROJECT BILLING | | |
|---|---|---|
| **Category** | **Time** | **Fees** |
| Administration | 18.6 | $10,770.00 |
| Section 521 Application | 7.2 | $4,284.00 |
| Sale of Kosich Place | 23.4 | $13,653.00 |
| Peter Pau Litigation | 12.2 | $7,259.00 |
| Fee Application | 2.8 | $1,657.00 |
| Other Professionals | 1.0 | $595.00 |
| **TOTAL** | **65.2** | **$38,218.00** |

| COSTS | | |
|---|---|---|
| **Description** | **Qty.** | |
| PACER | 205 | $20.50 |
| Photocopies | 174 | $34.80 |
| Postage | | $32.85 |
| **TOTAL** | | **$88.15** |

| **TOTAL OF FEES AND COSTS** | **$38,306.15** |
|---|---|

**EXHIBIT A**

## TRUSTEE'S STATEMENT RE REVIEW OF FEE APPLICATION

I, Fred Hjelmeset, hereby certify that I have read the foregoing fee application of Rincon Law LLP, attorneys for me as Trustee in the bankruptcy case of Vinh Nguyen *aka* Vince Nguyen, Case No. 22-50907 MEH, and I have no objections to the fee application or the fees and costs requested herein.

Dated: June 6, 2023

/s/ Fred Hjelmeset
Fred Hjelmeset, Chapter 7 Trustee

Case: 22-50907   Doc# 203   Filed: 06/06/23   Entered: 06/06/23 08:58:40   Page 12 of 12