Vinh D. Nguyen, SBN 171768, In Pro Per
1314 Lincoln Ave., Ste 2E
San Jose, CA 95125
Telephone: (408) 828-8078
Fax: (408) 624-1014
Email: vnsanjose99@gmail.com

Debtor In Pro Per

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In Re VINH NGUYEN,<br>　　　　　　　　　Debtor | Case No. 22-50907<br><br>Chapter 7<br><br>**EX-PARTE MOTION TO REOPEN CASE TO ALLOW DEBTOR FILE A MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**[11 U.S.C. § 350(b); FRBP §5010]**<br><br>**Before:** Hon. M. Elaine Hammond |

**TO THE HONORABLE COURT**: NOW COMES Debtor Vinh Nguyen aka Vince Nguyen (hereinafter referred to as "Debtor"), In Pro Per, to file the instant Ex Parte Motion to Reopen Case to Allow Debtor to File a Motion to Enforce Settlement Agreement ("Ex Parte Motion"). As grounds for the Ex Parte Motion, Debtor states as follows**:**

 1. On 10/04/2022, when Debtor was a co-owner of the real property located at 12329 Kosich Place, Saratoga, CA 95070 ("Property"), he petitioned for Chapter 13, which was later converted to Chapter 7, in this court.

 2. On 01/11/23, in the subject Chapter 7 case, Debtor entered into a Global Settlement

Agreement ("Settlement Agreement") with secured creditor Paul Nguyen ("Mr. Paul")[1], and others. Attached as **Exhibit 1** is a true and correct copy of the Settlement Agreement.

3. Clause 17 in the Settlement Agreement provides:

> "… Upon receipt of the Creditor Proceeds, the Claims shall be deemed withdrawn for all purposes. No later than three (3) business days after Creditor receives the Creditor Proceeds, he shall (a) withdraw any and all Notices related to the Residence…, and any others that are not listed…"

4. Before the dispute came to this court, and while the Property in subject had been in his foreclosure process, Mr. Paul and his foreclosing trustees have recorded a number of notices such as Notice of Default, Notice of Trustee Sale, etc., on the Property.

5. Back to present, the Creditor Proceeds was delivered to Mr. Paul on 01/18/23, as provided in the Settlement Agreement.

6. After the money was delivered to Mr. Paul, in a few times, then Debtor's lawyer Arasto Farsad has requested Mr. Paul to issue the withdrawals as provided in Clause 17. No definite answer was received.

7. As of today, the said notices still show on the title of the Property. Under this circumstance, it appears the only approach available is a motion to enforce settlement agreement.

8. On 12/11/23, Debtor was substituted in as In Pro Per. (***Case 22-50907 Docket***, **Doc # 230).**

9. Being In Pro Per, on the same day 12/11/23, Debtor promptly filed a Notice to File Motion to Enforce Settlement Agreement. (***Id.***, **Doc # 232.**)

---

[1] Both parties have the same last name "Nguyen" but they are not related. The last name therefore is not used to prevent possible confusion. This is not intended to be a lack of respect.

- 2 -

EX-PARTE MOTION TO REOPEN CASE
TO ALLOW DEBTOR FILE A MOTION TO ENFORCE SETTLEMENT AGREEMENT

10. Coincidentally on the same day 12/11/23, the Court posted the Final Decree to Close the case *(Id., **Doc # 231**.).*

11. Debtor is now seeking the reopening of the subject case, for the Motion to Enforce Settlement Agreement to be filed.

12. 11 U.S.C. §350(b) provides: "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."]

13. Bankruptcy court may consider the following factors in evaluating whether to reopen a case: (i) the benefit to creditors; (ii) the benefit to debtor; (iii) the prejudice to affected parties; (iv) the availability of relief in other forums; (v) whether the estate has been fully administered; (vi) the length of time between the closing of the case and the motion to reopen; and (vii) good faith[2].

14. A non-compliance on Clause 17 of the Settlement Agreement means the agreement has not been completely performed. In turn, the estate has not been fully administered.

15. This Motion to Reopen Case is filed only a few days from the "final decree" date 12/11/23.

16. The foreclosure-related notices have created cloud on title which is very prejudicial to the property owner. For example, the property is uninsurable when its owner seeks to refinance or to sell it.

---

[2] *In re Consol. Freightways Corp.*, 553 B.R. 396,399 (C.D. Cal. 2016), appeal dismissed sub nom. *In re Consol.Freightways Corp. of Delaware*, 2017 WL 3270851 (9th Cir. Jan. 26, 2017); *In re Judson*, 586 B.R. 771, 773(Bankr. C.D. Cal. 2018).

- 3 -

EX-PARTE MOTION TO REOPEN CASE
TO ALLOW DEBTOR FILE A MOTION TO ENFORCE SETTLEMENT AGREEMENT

17. There is no alternative remedy available from any other forum.

18 Granting the reopening by the court will not cause a loss on any party.

19. In summary, the estate has not been fully administered as of 12/11/23; and only a few days have passed from that date until this motion is filed; the property owner is now prejudicial because of the cloud created by the existence of those notices; and finally beside the court, there is no other forum the owner can go to seek help. Movant respectfully prays the court to grant the reopening of the case, so that the Motion to Enforce the Settlement Agreement can be filed.

Respectfully,

*/s/Vinh Nguyen*

Vinh Nguyen
Debtor In Pro Per