Vinh D. Nguyen, Debtor In Pro per
1314 Lincoln Ave., Ste 2E
San Jose, CA 95125
Telephone: (408) 828-8078
Fax: (408) 624-1014
Email: vnsanjose99@gmail.com

Debtor In Pro Per

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| In Re VINH NGUYEN,<br>　　　　　　　　Debtor | Case No. 22-50907<br><br>Chapter 7<br><br>**EXHIBITS IN SUPPORT OF**<br>**EX PARTE MOTION TO REOPEN CASE**<br>**TO ALLOW DEBTOR FILE A MOTION**<br>**TO ENFORCE SETTLEMENT**<br>**AGREEMENT**<br><br>**Judge: Hon. M. Elaine Hammond** |

　　　　Under penalty of perjury on the laws of the United States and of the State of California, I declare that, in my knowledge, the following exhibit is a true and correct copy of the original document that it copies from.

　　　　Executed in San Jose, December 21, 2023.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Vinh Nguyen*
　　　　　　　　　　　　　　　　　　　　　　　Vinh Nguyen

---

- 1 -
EXHIBITS IN SUPPORT OF MOTION TO REOPEN THE CASE
TO ALLOW DEBTOR FILE A MOTION TO ENFORCE SETTLEMENT AGREEMEMT

*****************************************************************************

# Exhibit 1

*****************************************************************************










*****************************************************************************

# Exhibit 1

*****************************************************************************

# GLOBAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Global Settlement Agreement and General Release ("**Agreement**") is entered into as of January 11, 2023, by and between: (i) Fred Hjelmeset, solely in his capacity as the Chapter 7 Trustee ("**Trustee**") of the estate of Vinh Nguyen *aka* Vince Nguyen, Case No. 22-50907 MEH ("**Estate**"), pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division ("**Bankruptcy Court**"); (ii) Vinh Nguyen ("**Debtor**"); (iii) Paul Nguyen aka Paul Kim Phong Nguyen ("**Creditor**") and (iv) Empire Investments, LLC, a Wyoming limited liability company ("**Empire**"). The Trustee and Debtor and Creditor and Empire are each a "**Party**" and collectively the "**Parties.**"

## RECITALS

A.  The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on October 4, 2022 ("**Petition Date**"). On December 9, 2022, the Bankruptcy Court converted the case to Chapter 7, and the Trustee was appointed to administer the assets of the Estate.

B.  Prior to the Petition Date, the Debtor entered into an agreement with Empire, by which Empire conveyed to the Debtor a 10% ownership interest in real property commonly referred to as 12329 Kosich Place, Saratoga, California, 95020 ("**Residence**"). Under the provisions of the agreement with Empire, the Debtor is to pay $300,000 to Empire as consideration for conveying a 10% interest in the Residence. A Grant Deed conveying to the Debtor a 10% interest in the Residence was recorded with the Santa Clara County Recorder's Office as Instrument No. 25387778.

C.  According to a preliminary title report for the Residence, the Residence is encumbered by multiple encumbrances, including a 2011 deed of trust in favor of Paul Nguyen / Creditor, identified as Santa Clara County Recorder's Office as Instrument No. 21291910 ("**Deed of Trust**"), which deed secures a promissory note in the original principal amount of approximately $215,000.00. The Creditor initiated foreclosure proceedings in 2021, and the Debtor (as well as his wife Teri Ha Nguyen and Empire Investments LLC) and Creditor have been involved in multiple (and current) civil lawsuits; bankruptcy cases; adversary proceedings; objections to claim(s); and appeals -- which challenged the validity of the Creditor's deed of trust and ability to foreclose on it / enforce it. (Including obtaining rents under it.) Creditor has filed two proof of claims against the Estate, identified as claim numbers 3 and 4 ("**Creditor Claims**").

D.  Debtor and Creditor now seek to resolve their disputes (all of them) for a "global settlement" of claims via the subject Agreement as indicated in the section below titled "Debtor's Settlement with Creditor Paul Nguyen". Debtor and the Trustee also seek to settle the estate's interest in the Residence via a buyout as indicated in the section titled "Debtor's Settlement with Chapter 7 Trustee" below.

E.  Subject to notice and Bankruptcy Court approval, the Debtor seeks to (i) acquire the estate's right, title and interest in and to the Residence, and seeks to have the Trustee abandon

to the Debtor all of the estate's claims related to the Residence, including claims related to encumbrances asserted against the Residence; and (ii) settle the dispute(s) (all of them) with Creditor in exchange for the payment indicated below for a full reconveyance by the Creditor of the Deed of Trust.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1. The foregoing Recital paragraphs are incorporated by reference.

### Debtor's Settlement with the Chapter 7 Trustee

2. Subject to notice to creditors, higher and better offer, and Bankruptcy Court approval, the Trustee agrees to sell and convey to the Debtor all of the estate's right, title and interest in and to the Residence, including, but not limited to, any and all claims related to any encumbrances asserted against the Residence, in exchange for an all-cash payment to the Trustee by Empire in the amount of $███████ ("**Trustee Proceeds**").

3. Subject to Bankruptcy Court approval of this Agreement, the Trustee shall abandon to the Debtor the Estate's right, title and interest in and to the Residence, subject to all liens, claims and interests. In addition, the Trustee shall abandon to the Debtor all claims related to the Residence, including claims related to the encumbrances on the Residence. The abandonment of the Residence is as-is, where-is, with no representations or warranties whatsoever, with all representations and warranties expressly disclaimed.

4. The Debtor agrees and acknowledges that he is acquiring the Estate's interest in the Residence is as-is, where-is, and that all representations and warranties are expressly disclaimed, and that he takes the Residence subject to any and all liens, claims and interests.

5. Subject to Bankruptcy Court approval of this Agreement, the Debtor hereby waives and relinquishes, for all purposes and at all times any claims in, claims to or interest in the Trustee Proceeds, and further waives any claim of exemption that he could otherwise assert against the Trustee Proceeds.

### Debtor's Settlement with Creditor Paul Nguyen

6. Subject to Bankruptcy Court approval of this Agreement, Debtor and Creditor Paul Nguyen desire to completely resolve all existing disputes and/or claims between Debtor (and Empire Investments, LLC) as more fully set forth in this Agreement. In that regard, in exchange for a cash payment of $███████ ("**Creditor Proceeds**"), Creditor Paul Nguyen will release and fully reconvey the Deed of Trust and withdraw the Claims filed against the Estate.

7. This Agreement is being entered into by Debtor and Creditor Paul Nguyen in order to settle, compromise and resolve each and every one of the existing claims, duties, obligations, causes of action, debts, liabilities or damages, known or unknown, between them. Debtor and

2

EXHIBIT B

Case: 22-50907   Doc# 257   Filed: 02/23/23   Entered: 02/23/23 00:30:33   Page 4 of 18

Creditor Paul Nguyen (after the consideration is provided below) shall take all necessary actions to drop and withdraw or dismiss with prejudice all cases / claims / disputes against each other.

8. **Release of Claims by Debtor Vinh Nguyen**: Debtor Vinh Nguyen (together with all of his agents, attorneys, employees, guardians, conservators, heirs, successors, assigns, and transferees), fully and forever releases Creditor Paul Nguyen (together with all of his agents, attorneys, employees, guardians, conservators, heirs, successors, assigns, and transferees) of and from any claim, duty, obligation, cause of action, debt, liability, or damages based on the facts as set forth in the pleadings from any of the current lawsuits / disputes, including, but not limited to, any claim, duty, obligation, cause of action, debt, liability, or damages arising out of or in connection with the facts, allegations and claims contained in the various pleadings that have been filed, whether that claim, duty, obligation, cause of action, debt, liability, or damages is presently known or unknown, suspected or unsuspected.

9. **Release of Claims by Creditor Paul Nguyen**: Creditor Paul Nguyen (and on behalf of all of its past and present agents, attorneys, employees, directors, officers, members, successors, assigns, and transferees), fully and forever releases Debtor Vinh Nguyen (together with all of his agents, attorneys, employees, guardians, conservators, heirs, successors, assigns, and transferees) of and from any claim, duty, obligation, cause of action, debt, liability, or damages based on the facts as set forth in the pleadings from any of the current lawsuits / disputes, including, but not limited to, any claim, duty, obligation, cause of action, debt, liability, or damages arising out of or in connection with the facts, allegations and claims contained in the various pleadings that have been filed, whether that claim, duty, obligation, cause of action, debt, liability, or damages is presently known or unknown, suspected or unsuspected.

10. Broad Construction. The release provisions in this Agreement are to be construed and read in the broadest possible manner to insure against and protect Debtor Vinh Nguyen and Creditor Paul Nguyen from any further or future disputes regarding the subject circumstances, events and the facts giving rise to the lawsuits / claims / dispute(s) between the Parties. The Parties agree to mutual releases that include the Parties, their attorneys, the Power(s) of Attorney and any other person involved in any way. The Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Agreement, of which their releases are a part.

11. Civil Code Section 1542. Debtor and Creditor Paul Nguyen hereby acknowledge that they have been advised by legal counsel and is familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

12. Debtor and Creditor Paul Nguyen, being aware of said code section, hereby expressly waives any rights that they may have hereunder, as well as under any other statute or common law principals of similar effect.

3

EXHIBIT B

Case: 22-50907    Doc# 251    Filed: 02/23/23    Entered: 02/23/23 00:30:38    Page 9 of 18

13. **Items to be dismissed with prejudice / withdrawn immediately include, but are not limited to the following:**

    a. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 21CV379828. (Note: Creditor Paul Nguyen agrees to ~~do any and all acts as need~~ cooperate with ~~ed to assist~~ Empire Investments, LLC in obtaining / releasing the $150,000.00 bond that it put up in this case and Creditor Paul Nguyen will have no claim to any portion of it).

    b. Appeal Case: Empire Investments, LLC et al v Appellee Paul Kim Phong Nguyen, Sixth District CA Court of Appeal, Case No. H050243.

**b.1. Writ of Mandate Case: Empire Investments LLC v. Superior Court, 6th DCA Case No. H050213.**

    c. Cross-Complaint: Paul Kim Phong Nguyen v Empire Investments, LLC et al, same case 21CV379828.

    d. Appeal Case: Paul Kim Phong Nguyen v. Empire Investments, LLC et al, CA Sixth District Court of Appeal, Case No. H050502.

    e. (Case No. 21CV379828 has been removed to the Bankruptcy Court of Northern District of California and was assigned AP Case No 22-05037).

    f. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 22CV398824.

**f.1. Case No. 22CV398824 has been removed to the BK of ND of California and was assigned AP Case no. 22-05038**

    g. ~~[redacted]~~

    h. ~~[redacted]~~

    i. ~~[redacted]~~

    j. ~~[redacted]~~

    k. ~~[redacted]~~

### General Terms that Apply to Both the Settlement with the Chapter 7 Trustee as well as the Settlement with Creditor Paul Nguyen

14. The Trustee Proceeds, $[redacted], and the Creditor Proceeds $[redacted], shall be delivered to the Trustee no later than **three (3) business days** after the Trustee and Creditor sign and return an executed copy of this Agreement by email to Trustee's counsel Gregg Kleiner – gkleiner@rinconlawllp.com. Payment of the Trustee Proceeds and the Creditor Proceeds shall be made by wire transfer only. Counsel for the Debtor acknowledges receipt of the wire transfer

13. **Items to be dismissed with prejudice / withdrawn immediately include, but are not limited to the following:**

   a. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 21CV379828. (Note: Creditor Paul Nguyen agrees to ~~do any and all acts as needed~~ cooperate with to assist Empire Investments, LLC in obtaining / releasing the $150,000.00 bond that it put up in this case and Creditor Paul Nguyen will have no claim to any portion of it).

   b. Appeal Case: Empire Investments, LLC et al v Appellee Paul Kim Phong Nguyen, Sixth District CA Court of Appeal, Case No. H050243.

   b.1. Writ of Mandate Case: Empire Investments LLC v. Superior Court, 6th DCA Case No. H050213.

   c. Cross-Complaint: Paul Kim Phong Nguyen v Empire Investments, LLC et al, same case 21CV379828.

   d. Appeal Case: Paul Kim Phong Nguyen v. Empire Investments, LLC et al, CA Sixth District Court of Appeal, Case No. H050502.

   e. (Case No. 21CV379828 has been removed to the Bankruptcy Court of Northern District of California and was assigned AP Case No 22-05037).

   f. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 22CV398824.

   f.1. Case No. 22CV398824 has been removed to the BK of ND of California and was assigned AP Case no. 22-0~03

   g. ~~[redacted]~~

   h. ~~[redacted]~~

   i. ~~Notice of Trustee's Sale, Santa Clara County Recorder's Office as Instrument~~

   j. ~~Notice of Intent to Preserve Interest, Santa Clara County Recorder's Office as~~

   k. ~~[redacted]~~

**General Terms that Apply to Both the Settlement with the Chapter 7 Trustee as well as the Settlement with Creditor Paul Nguyen**

14. The Trustee Proceeds, $▮▮▮▮▮▮▮▮, and the Creditor Proceeds $▮▮▮▮▮▮▮▮, shall be delivered to the Trustee no later than **three (3) business days** after the Trustee and Creditor sign and return an executed copy of this Agreement by email to Trustee's counsel Gregg Kleiner – gkleiner@rinconlawllp.com. Payment of the Trustee Proceeds and the Creditor Proceeds shall be made by wire transfer only. Counsel for the Debtor acknowledges receipt of the wire transfer

4

EXHIBIT B

Case: 22-50907   Doc# 237   Filed: 02/23/23   Entered: 02/23/23 10:20:25   Page 7 of 18

13. **Items to be dismissed with prejudice / withdrawn immediately include, but are not limited to the following:**

   a. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 21CV379828. (Note: Creditor Paul Nguyen agrees to ~~do any and all acts as needed to assist~~ cooperate with Empire Investments, LLC in obtaining / releasing the $150,000.00 bond that it put up in this case and Creditor Paul Nguyen will have no claim to any portion of it).

   b. Appeal Case: Empire Investments, LLC et al v Appellee Paul Kim Phong Nguyen, Sixth District CA Court of Appeal, Case No. H050243.

b.1. Writ of Mandate Case: Empire Investments LLC v. Superior Court, 6th DCA Case No. H050213.

   c. Cross-Complaint: Paul Kim Phong Nguyen v Empire Investments, LLC et al, same case 21CV379828.

   d. Appeal Case: Paul Kim Phong Nguyen v. Empire Investments, LLC et al, CA Sixth District Court of Appeal, Case No. H050502.

   e. (Case No. 21CV379828 has been removed to the Bankruptcy Court of Northern District of California and was assigned AP Case No 22-05037).

   f. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 22CV398824.

f.1. Case No. 22CV398824 has been removed to the BK of ND of California and was assigned AP Case no. 22-05038

   g. ~~[redacted]~~

   h. ~~[redacted]~~

   i. ~~[redacted]~~

   j. ~~[redacted]~~

   k. ~~[redacted]~~

**General Terms that Apply to Both the Settlement with the Chapter 7 Trustee as well as the Settlement with Creditor Paul Nguyen**

14. The Trustee Proceeds, $[redacted], and the Creditor Proceeds $[redacted], shall be delivered to the Trustee no later than **three (3) business days** after the Trustee and Creditor sign and return an executed copy of this Agreement by email to Trustee's counsel Gregg Kleiner – gkleiner@rinconlawllp.com. Payment of the Trustee Proceeds and the Creditor Proceeds shall be made by wire transfer only. Counsel for the Debtor acknowledges receipt of the wire transfer

4

**EXHIBIT B**

13. **Items to be dismissed with prejudice / withdrawn immediately include, but are not limited to the following:**

   cN   TH

   a. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 21CV379828. (Note: Creditor Paul Nguyen agrees to ~~do any and all acts as needed to assist~~ cooperate with Empire Investments, LLC in obtaining / releasing the $150,000.00 bond that it put up in this case and Creditor Paul Nguyen will have no claim to any portion of it).

   b. Appeal Case: Empire Investments, LLC et al v Appellee Paul Kim Phong Nguyen, Sixth District CA Court of Appeal, Case No. H050243.

   b.1. Writ of Mandate Case: Empire Investments LLC v. Superior Court, 6th DCA Case No. H050213.

   c. Cross-Complaint: Paul Kim Phong Nguyen v Empire Investments, LLC et al, same case 21CV379828.

   d. Appeal Case: Paul Kim Phong Nguyen v. Empire Investments, LLC et al, CA Sixth District Court of Appeal, Case No. H050502.

   e. (Case No. 21CV379828 has been removed to the Bankruptcy Court of Northern District of California and was assigned AP Case No 22-05037).

   f. Complaint: Empire Investments LLC et al v Paul Kim Phong Nguyen et al, Santa Clara County Superior Court Case No. 22CV398824.

   f.1. Case No. 22CV398824 has been removed to the BK of ND of California and was assigned AP Case no. 22-05038

   vN   TH

   g. ~~[redacted]~~

   h. ~~[redacted]~~

   i. ~~[redacted]~~

   j. ~~[redacted]~~

   k. ~~[redacted]~~

**General Terms that Apply to Both the Settlement with the Chapter 7 Trustee as well as the Settlement with Creditor Paul Nguyen**

14. The Trustee Proceeds, $[redacted], and the Creditor Proceeds $[redacted], shall be delivered to the Trustee no later than **three (3) business days** after the Trustee and Creditor sign and return an executed copy of this Agreement by email to Trustee's counsel Gregg Kleiner – gkleiner@rinconlawllp.com. Payment of the Trustee Proceeds and the Creditor Proceeds shall be made by wire transfer only. Counsel for the Debtor acknowledges receipt of the wire transfer

4

**EXHIBIT B**

instructions. The Trustee shall notify all Parties, by email, of his receipt of the settlement proceeds, $810,000.00, in good and available funds.

15. No later than **seven (7) days** after the Bankruptcy Court has entered its order authorizing the Trustee to enter into this Agreement, Creditor shall deliver to the Trustee (via a nationally recognized overnight delivery service – e.g. Federal Express), Fred Hjelmeset, at 650 Fremont Avenue, Suite B-119, Los Altos, CA 94024, the original, duly executed, notarized and recordable *full* reconveyance of the Deed of Trust (**"Creditor Reconveyance"**). A draft copy of the Creditor Reconveyance, that was drafted by Debtor's counsel, is attached hereto as **Exhibit A**.

16. The Creditor, Debtor and Empire agree and acknowledge that:

(a) the Trustee has agreed to accept delivery of the Creditor Reconveyance solely as an accommodation to Creditor, Debtor and Empire; and

(b) neither the Trustee, nor any of his professionals, have any duty, responsibility or obligation

(i) to review, examine or authenticate the Creditor Reconveyance and/or any of its content and/or terms, and

(ii) to Creditor, Debtor and Empire with regard to the Creditor Reconveyance, other than to advise Creditor, Debtor and Empire, via, email only,[1] that (y) the Trustee has received the Creditor Reconveyance, and (z) the location that the Creditor Reconveyance can be picked up.

The Debtor and/or Empire shall be solely responsible for all fees and costs related to the Creditor Reconveyance, including, but not limited to getting possession of the Creditor Reconveyance and the recordation of the Creditor Reconveyance.

17. Promptly following the Trustee's receipt of the Creditor Reconveyance, the Trustee shall pay Creditor the Creditor Proceeds, the sum of $▇▇▇▇▇. Payment of the Creditor Proceeds shall be made **by check only**,[2] delivered by overnight mail to: Paul Nguyen, 9353 Bolsa Ave #F8, Westminster, CA 92683. Upon receipt of the Creditor Proceeds, the Claims shall be deemed withdrawn for all purposes. No later than **three (3) business days** after Creditor receives the Creditor Proceeds, he shall (a) withdraw any and all Notices related to the Residence as indicated above in paragraph 13, and any others that are not listed; and (b) deliver the original Note related to the Deed of Trust, marked "PAID IN FULL", to Debtor's counsel, Arasto Farsad.

18. All Parties to this Agreement shall bear his, her, or its own attorneys' fees and costs in connection with the negotiation of this Agreement and obtaining Bankruptcy Court approval to allow the Trustee to enter into this Agreement.

---

[1] The confirming email shall be sent to: Arasto Farsad - farsadlaw1@gmail.com; Paul K. Nguyen - p2011nguyen@gmail.com; and Gregg Kleiner - gkleiner@rinconlawllp.com.

[2] The Trustee is generally prohibited from making outbound wire transfers by the Office of the United States Trustee.

5

EXHIBIT B

Case: 22-50907    Doc# 237    Filed: 02/23/23    Entered: 02/23/23 00:30:34    Page 10 of 18

19. The prevailing party in an action to enforce this Agreement shall be entitled to recover its reasonable attorneys' fees and costs actually incurred in connection with that action.

20. The Parties make no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by the Parties, or any of them. Each Party acknowledges that he, she, or it has not received or relied upon any tax advice from any other Party.

21. The Parties warrant and represent that they have read and understand this Agreement, that they have had a free and unfettered opportunity to consult individually and jointly with an independent attorney of their choosing regarding this Agreement and its effect, and that they execute this Agreement voluntarily and without duress or undue influence.

22. Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because it was drafted in full or in part by such Party or its attorney. The Agreement shall be accordingly construed equally against all Parties. In this regard, the Parties waive any and all benefits and rights he, she, it, or they may have under California Civil Code § 1654, which provides as follows:

> IN CASES OF UNCERTAINTY NOT REMOVED BY THE PRECEDING RULES, THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST.

23. This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the matters described herein, and any and all prior and contemporaneous agreements, representations, discussions, negotiations, commitments, and understandings are merged into and superseded by this Agreement. No representations, oral or otherwise, express or implied, other than those written and contained herein have been made or relied upon by any of the Parties.

24. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction over any dispute arising out of this Agreement, including, but not limited to the interpretation and enforcement of this Agreement, and, if necessary to effect the Bankruptcy Court's jurisdiction, and by their signature to this Agreement, hereby stipulate to an order providing for such jurisdiction.

25. The Agreement may not be modified except by a writing signed by all Parties, with specific written reference to this Agreement, and with approval of the Bankruptcy Court; provided, however, Bankruptcy Court approval is not required if the modification is ministerial or does not negatively impact the Estate or its creditors. This paragraph shall in no way limit the Parties from entering into any agreements they deem necessary to consummate this Agreement.

26. This Agreement shall be construed in accordance with the laws of the State of California, except to the extent it is controlled by the federal bankruptcy laws.

27. This Agreement may be executed in one or more counterparts for the convenience of the Parties hereto, all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Agreement.

DATED: January 11, 2023   ESTATE OF VINH NGUYEN aka VINCE NGUYEN.
                          Case No. 22-50907 MFH

By _____
FRED HJELMESET,
Trustee in Bankruptcy

DATED: January 11, 2023

_____
Vinh Nguyen aka Vince Nguyen

DATED: January 12, 2023

_____
Paul Nguyen

DATED: January 11, 2023

_____
Empire Investments, LLC

APPROVED AS TO FORM AND CONTENT:

DATED: January 11, 2023   FARSAD LAW OFFICE, PC

*ARASTO FARSAD*
Arasto Farsad
Attorneys for Vinh Nguyen aka Vince Nguyen

7

RECORDING REQUESTED BY
**EMPIRE INVESTMENTS, LLC**

APN #: 386-23-072

WHEN RECORDED MAIL TO

Empire Investments, LLC
1314 Lincoln Ave.
Suite 2E
San Jose, CA 95125

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

# Substitution of Trustee and Deed of Reconveyance

The undersigned, Paul K. Nguyen

as the present Beneficiary of the Note secured by Deed of Trust dated July 28, 2011

made by: Vinh D. Nguyen and Teri H. Nguyen, trustees of Nguyen-Ha Living Trust, dated December 10, 2004

Trustor, to Parker Foreclosure Services, LLC, by Substituion of Trustee recorded 04/14/2021, Serial Number 24921401

and Josef Szigeti, by Substitution of Trustee recorded 06/27/2022, Serial Number 25326642, Trustee, for Paul K. Nguyen, Beneficiary, which Deed of Trust was recorded August 25, 2011, Series No. 21291910, in Book , Page , of Official Records of Santa Clara, County, CA and hereby substitutes Paul K. Nguyen as Trustee in lieu of the Trustee herein.

Paul K. Nguyen, hereby accepts said appointment as Trustee under the above Deed of Trust, and as Substituted Trustee, and pursuant to the request of said owner and holder and in accordance with the provisions of said Deed of Trust, does hereby RECONVEY WITHOUT WARRANTY, to the person or persons legally entitled thereto, all the estate now held by it under said Deed of Trust.

IN WITNESS WHEREOF the present Beneficiary above named, and Paul K. Nguyen as Substituted Trustee, has caused this instrument to be executed, each in its respective interest.

Date: _____

**Substituted Trustee**                                   **Beneficiary**

_____          _____
Paul K. Nguyen                                               Paul K. Nguyen

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of _____
County of _____

On _____ before me, _____ a Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

Name: _____
    (Typed or Printed)                                                        (Seal)

EXHIBIT A                    EXHIBIT B

ORT 164 [2/06]