Vinh D. Nguyen, SBN 171768, In Pro Per
1314 Lincoln Ave., Ste 2E
San Jose, CA 95125
Telephone: (408) 828-8078 * Fax: (408) 624-1014
Email: vnsanjose99@gmail.com

Debtor In Pro Per

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In Re VINH NGUYEN,<br>　　　　　　　　　Debtor | Case No. 22-50907<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br>[Civ. §3300 et seq; Civ. §2924.11(d)<br>Civ. §3412; Gov. §27201(a)]<br><br>Hearing:<br>Date:　February 1, 2024<br>Time:　10:00 a.m.<br>Place: U.S. Courthouse,<br>　　　　280 South 1st Street, Courtroom 11,<br>　　　　San Jose CA 95113<br><br>**Before: Hon. M. Elaine Hammond** |

## INTRODUCTION

In this Chapter 7 case, the parties entered into a global settlement agreement which provides that the creditor, within three days after receiving the "creditor proceeds", in addition to issue the reconveyance, to withdraw documents/notices that he had recorded before the reconveyance was issued. Right after the court approval was issued on 02/09/23, the money was delivered to creditor by the Trustee. However, as of today, after ten months, the withdrawals still did not happen. This motion is a request for the court to intervene and provide relief.

---
- 1 -
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPPORT OF
MOTION TO ENFORCE SETTLEMENT AGREEMENT

# FACTS

. On 10/04/2022, co-owner Vinh Nguyen (now "Debtor") of the real property located at 12329 Kosich Place, Saratoga, CA 95070 ("Property"), petitioned for bankruptcy in this court (***Declaration by Vinh Nguyen***, ¶ 1). On 01/11/23, in the subject case, Debtor together with other interested people, entered into a Global Settlement Agreement ("Settlement Agreement") with secured creditor Paul Nguyen ("Mr. Paul")[1], and others. The settlement agreement was authorized by the court on 02/09/23 [*Id*., ¶ 2)]. Clause 17 in the Settlement Agreement provides:

> "… Upon receipt of the Creditor Proceeds, the Claims shall be deemed withdrawn for all purposes. No later than three (3) business days after Creditor receives the Creditor Proceeds, he shall (a) <u>withdraw any and all Notices related to the Residence</u>…, and any others that are not listed…" [emphasis added]. [***Id.,*** ¶ 3].

. Before the dispute came to this court, and while the Property in subject had been in his foreclosure process, Mr. Paul has recorded, or caused to be recorded (by his foreclosure trustees Blossomgame and Szigeti), seven documents on the Property, detailed below [*Id*., ¶ 4].

|   | Document Name | Signer | Recording Date | Document # |
|---|---|---|---|---|
| 1 | Notice of Default | Hermond L. Blossomgame | 02/25/21 | 24846754 |
| 2 | Substitution of Trustee | Paul K. Nguyen | 04/14/21 | 24921401 |
| 3 | Notice of Trustee Sale | Hermond L. Blossomgame | 05/12/21 | 24957491 |
| 4 | Notice of Trustee Sale | Hermond L. Blossomgame | 05/14/21 | 24960843 |
| 5 | Notice of Intent to Preserve Interest | Paul K. Nguyen | 05/25/22 | 25308974 |
| 6 | Substitution of Trustee | Paul K. Nguyen | 06/27/22 | 25326642 |
| 7 | Notice of Trustee Sale | Josef Szigeti | 07/05/22 | 25330309 |

---

[1] Both parties have the same last name, so one is referred with only first Name to avoid confusion. This is not intended to be a lack of respect.

- 2 -
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPPORT OF
MOTION TO ENFORCE SETTLEMENT AGREEMENT

Case: 22-50907    Doc# 240    Filed: 12/31/23    Entered: 12/31/23 20:08:39    Page 2 of 5

Back to the present, the Creditor Proceeds, on 01/18/23, was deposited with Chapter 7 Trustee who delivered the money to Mr. Paul right after the settlement was authorized by the court on 02/09/23 *[Id.*, ¶ 5]. After the money was delivered to Mr. Paul, in a few times, then Debtor's lawyer Arasto Farsad has requested Mr. Paul to issue the withdrawals as provided in Clause 17 of the Settlement Agreement. No definite answer was received. The last communication between the parties happened on 12/08/23 [***Id.,*** ¶ 6]. As of today, after ten months, the said notices still exist encumbering the Property [*Id.*, ¶ 7].

## LEGAL ARGUMENTS

**1. The Settlement Agreement calls for Withdrawal after Proceeds were Received**

As stated above, Clause 17 in the Settlement Agreement provides:

"… Upon receipt of the Creditor Proceeds, the Claims shall be deemed withdrawn for all purposes. No later than three (3) business days after Creditor receives the Creditor Proceeds, he shall (a) <u>withdraw any and all Notices related to the Residence</u>, … and any others that are not listed…"[emphasis added].

Mr. Paul received the settled money right after the 02/09/23 court approval. The "no later than three business day" term has passed without his action on the withdrawals. The term was breached and the Court now has full power to provide relief.

**2. To Rescind the Notice of Default is a legal duty of a foreclosing lender**.

As a second basis that justifies court action, Civil Code §2924.11(d) provides:

(d) A mortgagee, beneficiary, or authorized agent shall record a rescission of a notice of default or cancel a pending trustee's sale, if applicable, upon the borrower executing a permanent foreclosure prevention alternative…

This rule is cited in *Austin v. Ocwen Loan Servicing, LLC* No. 14-cv-00970 JAM-AC (E.D. Cal. Jul. 31, 2014). In the case, whereas the person who raised the section (the daughter)

was not the actual borrower (her deceased mother) so her request based on §2924.11(d) was not honored by the court, the rule was honored.  In the subject case, the money has been tendered, so it is clear that the borrower has executed a "permanent foreclosure prevention alternative." Upon having received the settlement money, when Mr. Paul refused to rescind the notices, he did not comply with CIV §2924.11 subd. (d).

### 3. The Home Owner Has Been Suffering Because of the Notices and the Court has Full Power to Intervene and Provide Relief

California CIV § 3412 provides:

> "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

In the subject case, whereas the loan has been paid back in full, the property owner could not enjoy the benefit of a clear title to his property, and that is serious injury to him. Under CIV §3412, this Court may "adjudge, and order to be delivered up or canceled."

More powerfully, the court can request withdrawal as provided in GOV §27201(a):

> 27201. (a) …The county recorder shall not refuse to record any instrument, paper, or notice that is authorized or required by statute or court order to be recorded on the basis of its lack of legal sufficiency.

This rule was also cited in *Jackson v. County of Amador*, 186 Cal.App.4th 514 (Cal. Ct. App. 2010).  Under this rule, the court has full power to issue a court order requesting the local county's Recorder's Office to record the said withdrawals.

## CONCLUSION

In summary, the property owner suffers because of the existence of foreclosure-related documents recorded before reconveyance against his Property. This Court, based on contract laws, plainly and clearly has the right to enforce Clause 17 of the Settlement Agreement. The

Court also has the power to keep the creditor to comply with CIVIL §2924.11(d). On the remedy, under CIV §3412, the Court has full power to intervene and provide relief. Under the authority of GOV §27201(a), Movant respectfully requests the Court to sign orders on the withdrawals of the foreclosure-related documents, and to instruct Santa Clara County Recorder's Office to record the documents listed above.

      Fortunately, the actions requested will result in no loss or prejudice of any kind to any party.

                                      Respectfully Submitted,

DATE: December 31, 2023                  */s/ Vinh Nguyen*
                                          Vinh Nguyen
                                          Debtor In Pro Per